## MORRIS v. LOWER COAST LUMBER CO., Inc.

### No. 15084.

Court of Appeal of Louisiana. Orleans.
June 24, 1935.

Milling, Godchaux, Saal & Milling, of New Orleans, for appellant.

Clarence Favret, of New Orleans, for appellee.

JANVIER, Judge.

B. S. Morris claims from Lower Coast Lumber Company, Inc., $241.77, alleging that to be the balance due him on salary earned during the months of November and December, 1930, as superintendent in the employ of defendant corporation. He alleges that he was employed at a salary of $200 per month, and that there is a balance due on the salary for November of $95.10, and that during the month of December he was employed from December 1st to and including December 22d, and that, therefore, he is entitled to $141.67 for those twenty-two days.

Defendant admits that plaintiff was in its employ during a portion of the year 1930, but it avers that he voluntarily terminated his employment on November 30th of that year and that he was paid in full for his services either in cash or in amounts expended for his account by defendant.

A plea of prescription was referred to the merits by the trial court, and we assume that it has been abandoned, as we heard nothing of it on oral argument.

Considerable testimony was taken, and, as a result of it, the record sets forth practically a complete accounting between the parties. The trial court reached the conclusion that plaintiff was entitled to $6.10 and rendered judgment in his favor for this amount. From this judgment plaintiff has appealed, contending that the judgment should be increased to the amount originally prayed for. Defendant has answered the appeal praying that the judgment be reversed and the suit dismissed.

We are well convinced by the evidence that plaintiff voluntarily terminated his employment on November 30, 1930, and that, therefore, nothing whatever was due for the month of December.

We see no reason to enter into a detailed discussion of the rather extensive testimony with reference to the accounting between the parties. The question involved is one of fact, and it is very evident that we would not be justified in stating that the trial judge was manifestly erroneous in reaching the conclusion evidenced by the judgment.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be, and it is, affirmed; appellant to pay costs of appeal, defendant to pay all other costs.

Affirmed.